HOPE ELLY AND JOHN SMITH                                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:19-CV-119-DPJ-FKB

MAGNOLIA HILL, LLC                                                          DEFENDANT

ORDER

Plaintiffs Hope Elly and John Smith ask the Court to strike all 52 of Defendant Magnolia

Hill, LLC's affirmative defenses as insufficiently pleaded. For the reasons that follow,

Plaintiffs' Motion to Strike Affirmative Defenses [9] is granted in part and denied in part.

I.        Facts and Procedural History

Plaintiffs filed their 130-page Complaint on February 14, 2019, alleging that the

Riverwalk Casino in Vicksburg, Mississippi, violates Title III of the Americans with Disabilities

Act ("ADA"). *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (explaining that Title III

of the ADA "forbids discrimination against disabled individuals in . . . public accommodations").

Magnolia Hill answered on June 27, 2019, and Plaintiffs filed their Motion to Strike.

II.       Standard

Motions to strike fall under Federal Rule of Civil Procedure 12(f), which states, "The

court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." "A Rule 12(f) motion serves to 'avoid the expenditure of

time and money that must arise from litigating spurious issues by dispensing with those issues

prior to trial.'" *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL

2219179, at *5 (S.D. Tex. May 28, 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527

(9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

That said, "[m]otions to strike defenses are generally disfavored and rarely granted." *Solis v. Bruister*, No. 4:10-CV-77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (quoting *Bertoniere v. First Mark Homes, Inc.*, No. 2:09-CV-156-DCB-MTP, 2010 WL 729931, at *1 (S.D. Miss. Feb. 25, 2010)). Such relief is warranted only when the defense "cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). And "if there is a question of law or fact regarding a particular defense, a court must deny a motion to strike." *Bertoniere*, 2010 WL 729931, at *1. Finally, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party." *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011); *see also* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) (noting general agreement that Rule 12(f) motions should be denied absent a showing that defense "may cause some form of significant prejudice").

III.    Analysis

    A.    Withdrawn Defenses

In response to Plaintiffs' motion, Magnolia Hill agreed to withdraw affirmative defenses 2, 3, 36, 44, 46, 47, 48, and 49 "on the condition that Plaintiffs not be allowed to hereafter seek punitive damages for any reason." Def.'s Mem. [14] at 9. Plaintiffs have represented that they "are not seeking, nor does the ADA permit the recovery of[,] punitive damages." Pls.' Mem. [10] at 4. So the motion is granted as to the defenses Magnolia Hill has withdrawn.

    B.    Remaining Defenses

As to Magnolia Hill's remaining 44 defenses, Plaintiffs go through them one-by-one, making various arguments as to why they should be struck. As to many, Plaintiffs argue that the defenses involve "matter[s] of fact and law to be determined by the trier of fact." Pls.' Mem.

[10] at 8.  But "if there is a question of law or fact regarding a particular defense, a court must deny a motion to strike." *Bertoniere*, 2010 WL 729931, at *1.

Another common argument Plaintiffs make is that Magnolia Hill's use of the term "to the extent that" renders various defenses "contingent" and therefore "invalid." *E.g.*, Pls.' Mem. [10] at 6.  But Rule 8(d)(2) permits pleading defenses "alternatively or hypothetically."  Language asserting a defense "to the extent that" it becomes relevant merely "preserves the defense should discovery reveal factual support for it[ and] puts plaintiff on notice that this may be an issue, which serves the purpose of pleading affirmative defenses." *Baum v. Faith Techs., Inc.*, No. 10-CV-144-CVE-TLW, 2010 WL 2365451, at *3 (N.D. Okla. June 9, 2010).

Plaintiffs also assert that many defenses "lack[] any specific legal or factual basis upon which Plaintiff[s] can formulate a response." Pls.' Mem. [10] at 7.  But absent a court order requiring a Rule 7(a) reply, no response to the answer is required.  Fed. R. Civ. P. 7(a) (providing that "a reply to an answer" is allowed "if the court orders one").  The Court does not intend to order a Rule 7(a) reply, so Plaintiffs' alleged inability to respond to the affirmative defenses is irrelevant.

In another attack, Plaintiffs say that certain defenses should be struck because they are not affirmative defenses at all. *E.g.*, Pls.' Mem. [10] at 9.  But "to the extent some defenses . . . may have been mislabeled as 'affirmative defenses,' 'Rule 12(f) is not to be used to police the form of a pleading or to correct any misdesignations it might contain.'" *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 151 (S.D. Miss. 2018) (quoting 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.)).

Finally, Plaintiffs have not alleged, much less established, the existence of prejudice as a result of any of the challenged affirmative defenses.  Even when Magnolia Hill observed this

omission in its response, Plaintiffs failed to address it in reply.  "[A]bsent a showing of prejudice

to the moving party," a motion to strike should not be granted.  *Conn*, 823 F. Supp. 2d at 446.

Having filed what appears to be a boilerplate complaint, Plaintiffs have not shown that Magnolia

Hill's broad-sweeping defenses cause prejudice.  Plaintiffs' motion is denied except as to those

defenses Magnolia Hill withdrew.[1]

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed

the outcome.  For the foregoing reasons, Plaintiffs' Motion to Strike Affirmative Defenses [9] is

granted in part as to the following affirmative defenses, which are struck:  2, 3, 36, 44, 46, 47,

48, and 49.  The motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 27th day of November, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' Complaint and this motion raise concern about future pleadings.  According to
Magnolia Hill, Plaintiffs' 130-page Complaint is a cookie-cutter pleading they have filed in
numerous cases.  Def.'s Mem. [14] at 1.  As result, it includes factual allegations that are
inapplicable to the subject property.  *Id.* at 1–2.  As just one example, the Complaint alleges that
"Defendants provide a swimming pool for able-bodied individuals but fail to afford non-able-
bodied individuals the same opportunity."  Pls.' Compl. [1] ¶ 37.  Yet Magnolia Hill states that
its property does not have a pool.  Def.'s Mem. [14] at 2.  Plaintiffs made no attempt to address
Magnolia Hill's criticism in their reply.  So too, the present motion appears to be largely
frivolous and a waste of judicial resources.  Indeed, Plaintiffs' reply simply ignores Magnolia
Hill's legal arguments as to 51 of the 52 affirmative defenses.  Because this case is in its infancy,
it is a good time to remind all parties of their duties under Federal Rule of Civil Procedure 11
and Mississippi Rule of Professional Conduct 3.1.